ALAN R. BRAYTON, ESQ., S.B. #73685
DAVID R. DONADIO, ESQ., S.B. #154436
KIMBERLY J. CHU, ESQ., S.B. #206817
Email: kchu@braytonlaw.com
BRAYTON❖PURCELL LLP
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169
Novato, California  94948
(41) 898-1555
(415) 898-1247 (Facsimile)

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| MARY KUNTZ, as Successor-in-Interest to and as Wrongful Death Heir of WILLIAM KUNTZ, Deceased; and ANNIE GRAYE, JENNIE MARTIN and SARAH THORNTON, as Wrongful Death Heirs of WILLIAM KUNTZ, Deceased,<br><br>　　　　Plaintiffs,<br>vs.<br><br>A.W. CHESTERTON COMPANY, et al.,<br><br>　　　　Defendants. | No.  4:21-cv-06935-JSW<br><br>JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER<br><br>Date: January 7, 2022<br>Time: 11:00 am<br>Judge: Honorable Jeffrey S. White<br>Courtroom: 5-2nd Floor |

　　　　The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated November 1, 2018, and Civil Local Rule 16- 9.

　　　　1. **Jurisdiction and Service**:  MARY KUNTZ, ANNIE GRAYE, JENNIE MARTIN and SARAH THORNTON (hereinafter "plaintiffs") filed claims against A.W. CHESTERTON COMPANY; CRANE CO.; SANTA FE BRAUN, INC. AS  SUCCESSOR-IN-INTEREST TO

///
///

1
JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER, CASE No. 4:21-cv-06935-JSW

C.F. BRAUN, INC.;[1] PAXTON PRODUCTS CORPORATION;[2] and THE J.R. CLARKSON COMPANY LLC; in San Francisco Superior Court.  On September 9, 2021, defendant THE J.R. CLARKSON COMPANY LLC (hereinafter "J.R. CLARKSON" or "defendant") removed the case to the Northern District of California pursuant to 28 U.S.C. §§ 1442(a)(1) and 446.  J.R. CLARKSON is the only defendant remaining in the case.  No issues exist regarding personal jurisdiction or venue.

2. **Facts**:  Plaintiffs filed their complaint on June 30, 2021.  Plaintiffs allege that decedent WILLIAM KUNTZ ("decedent"), was exposed to asbestos attributable to the defendant and others while working aboard ships and at shipyards while serving in the U.S. Navy.  Plaintiffs further allege that this exposure caused decedent's mesothelioma and resulting, premature death.

Defendant denies it is legally responsible for any alleged exposures to asbestos-containing materials.  Defendant disputes that decedent had an asbestos-related disease or that it contributed to his death.  Defendant also asserts defenses as articulated below.

3. **Legal Issues**:  The Complaint in this case sets forth causes of action based on Wrongful Death with Survival-Asbestos:  Negligence and Products Liability.

J.R. CLARKSON generally claims that decedent was not exposed to asbestos-containing products for which it is liable and asserts defenses based on government contractor, sophisticated user/sophisticated intermediary, "state-of-the art" and causation.  *See, e.g., Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988) and *Johnson v. American Standard, Inc.*, 43 Cal.4th 56 (2008).  Defendant will also ask that damages be modified based on *Howell v. Hamilton Meats, Inc.,* 52 Cal.4th 541 (Cal. 2011).

///

---

[1] Plaintiffs have agreed to resolve their claims against, and filed requests for dismissals for, defendants A.W. Chesterton Company; Crane Co.; Santa Fe Braun, Inc. as Successor-in-Interest to C.F. Braun, Inc.  A. W. Chesterton Company and Santa Fe Braun, Inc. as Successor-in-Interest to C. F. Braun, Inc. were dismissed.  Docs. 23 and 18, respectively.  Plaintiffs still await approval of their request to dismiss Crane Co.  Doc. 16.  Plaintiffs resolved their case with Crane Co. prior to serving their summons and complaint in the wrongful death matter and, as such, Crane Co. has not answered or appeared in this case.

[2] Plaintiffs have requested a Default be entered against Paxton Products Corporation.  Doc. 20.

**Issue 1:** **Whether Or Not Maritime Law Applies to Some of Plaintiffs' Claims Against Defendant, Where Alleged Exposures to Asbestos are Associated With Decedent's Presence Aboard Naval Vessels on Navigable Waters**

Plaintiffs contend that decedent was exposed to asbestos at various locations throughout his career, including while aboard various military vessels at sea. Accordingly, there may be an issue as to whether maritime law applies for some exposures in this case and, if so, the extent to which it applies. *See, e.g., Conner v. Alfa Laval, Inc.*, 799 F. Supp. 2d 455 (E.D. Pa. 2011).

**Issue 2:** **Whether Defendant is Immune from Liability for Failure to Warn-Based Claims Because of the Sophisticated User Defense Under *Johnson v. American Standard, Inc.*, 43 Cal.4th 56 (Cal. 2008), or the Sophisticated Intermediary Defense**

Defendant contends that it is not liable to decedent for any failure to warn, as the Navy was allegedly a sophisticated user of asbestos-containing products and defendant had no duty to warn the Navy about any hazards associated with asbestos. Defendant further contends that because it had no duty to warn the Navy, as a matter of law it owed no duty to warn the Navy's employees of any hazards associated with the alleged exposure to asbestos from its products.

Defendant argues that a supplier has no duty to warn a purchaser about hazards the purchaser knows or should reasonably be expected to know about. *Johnson*, *supra*, 43 Cal.4th 65 (2008). The basic principle of this defense - commonly called the "sophisticated user" doctrine - is that when a manufacturer, distributor, seller or supplier provides a product to a purchaser who is knowledgeable of the dangers of the product, there is no duty to warn either the purchaser or the purchaser's employees of that danger. *See, e.g., McKay v. Rockwell Int'l Corp.*, 704 F.2d 444, 454 n. 14 (9th Cir. 1983); *In re Related Asbestos Cases*, 543 F. Supp. 1142, 1151 (N.D. Cal. 1982).

Plaintiffs maintain that this case does not involve a sophisticated user and, accordingly, *Johnson* does not apply. Additionally, plaintiffs contend that, to the extent that defendant tries to impart the Navy's alleged knowledge to plaintiffs, there is no sophisticated intermediary defense available in an asbestos-related case under maritime law. *See, e.g., Mack v. General Electric Co.,* 2012 U.S. Dist. LEXIS 143380 (E.D. Pa. Oct. 3, 2012). Nor would such a defense be

available under California law given the facts of this case. *See Webb v. Special Electric Co., Inc.*, 2016 Cal. LEXIS 3591 (Cal. May 23, 2016). Plaintiffs further contend that any such defense based on purported sophistication, if available, would only apply to claims based on failure to warn and would not be dispositive of plaintiffs' case. *Johnson v. Honeywell International Inc.*, 179 Cal.App.4th 549 (Cal. Ct. App. 2009).

**Issue 3:** **Whether Defendant is Immune from Liability under the Government Contractor Defense Articulated in *Boyle v. United Technologies Corp.* 487 U.S. 500 (1988)**

Some asbestos defendants generally contend that they are not liable in products liability because their products were designed and manufactured in strict compliance with military specifications. *See, e.g.*, *Boyle v. United Technologies Corp.,* 487 U.S. 500 (1988); *Fung v. Abex Corp.,* 816 F. Supp. 569, 572 (N.D. Cal. 1992); *Faddish v. General Electric Co.*, No. 09-70626, 2010 WL 4166108 (E.D. Pa. Oct. 20, 2010).

For a number of reasons, plaintiffs maintain that the government contractor defense is neither available to defendant here, nor does defendant meet the requirements of the government contractor defense even it were available. *See, e.g.*, *Boyle, supra*, 487 U.S. 500; *In re: Hawaii Federal Asbestos Cases*, 960 F.2d 806, 813, (9th Cir. Haw. 1992).

**Issue 4:** **Whether Decedent was Exposed to Asbestos-Containing Products Attributable to Defendant such that These Exposures Were a Substantial Factor in Causing His Injuries**

Plaintiffs' experts will testify that decedent's exposure to asbestos as a result of working with and/or around products sold, supplied, distributed, incorporated, specified, installed, applied, used and/or specified by defendant, or as a result of defendant's activities, was a substantial factor in his asbestos-related diseases, including asbestosis and asbestos related pleural disease. The California Supreme Court, in considering an action for asbestos-related disease, specifically held that the "substantial factor" test is satisfied where a plaintiff show that defendant's negligence or defective product, in reasonable medical probability, was a substantial factor in contributing to the aggregate dose of asbestos that the decedent inhaled, and hence the risk of developing an asbestos-related disease. *Rutherford v. Owens Illinois, Inc.*, 16 Cal.4th 953, 954 (Cal. 1997). Decedent's exposure to asbestos attributable to defendant also meets the

4

1  substantial factor standards articulated in *Lindstrom v. A-C Prod. Liab. Trust*, (6th Cir. 2005). 424
2  F.3d 488.
3        Defendant contends that plaintiffs will be unable to establish that its "asbestos-related
4  activities occurred with sufficient frequency and regularity in locations from which asbestos
5  fibers could have traveled to [decedent's] work area so that it was a reasonable medical
6  probability that the exposure to [defendant's] asbestos related activities was a substantial factor
7  in causing [plaintiffs'] injuries." *Hunter v. Pacific Mechanical Corp.*, 37 Cal.App.4th at 1289
8  (1995).  *See also Lineweaver v. Plant Insulation Co.*, 31 Cal.App.4th 1409, 1415-1416 (1995).

      **Issue 5:**    Whether *Howell v. Hamilton Meats, Inc., Supra,* **52 Cal.4th 541, Applies to the Determination of Damages in This Case**

11       Defendant contends that plaintiffs' claims for past medical damages should be limited to
12 the amounts actually paid by, or on decedent's behalf, and not the amounts that were billed by
13 his medical providers.  *Howell*, *supra*, 52 Cal.4th 541; *Bermudez v. Ciolek*, 237 Cal.App.4th
14 1311, 1330 (2015) ["the measure of medical damages is the lesser of (1) the amount paid or
15 incurred, and (2) the reasonable value of the services provided"].  Moreover, evidence of the
16 amounts *billed* for past medical services, as opposed to the amounts *paid*, is inadmissible to
17 support an expert opinion as to the value of future medical expenses, or to demonstrate or argue
18 the value of non-economic damages (e.g., pain and suffering or loss of consortium).  *Corenbaum*
19 *v. Lampkin*, 215 Cal.App.4th 1308 (2013).  J.R. CLARKSON also claims that damages for
20 wrongful death claims under Maritime Law do not include loss of society under *Miles v. Apex*
21 *Marine Corp.*, 498 U.S. 19 (1990).
22       Plaintiffs dispute the proper application of *Howell* and its progeny, and *Miles* to the facts
23 of this case, as well as defendant's reading of the case law.
24       4. **Motions**: Parties anticipate filing Motions for Summary Judgment and/or Motions for
25 Partial Summary Judgment before trial, as well as *motions in limine* at the time of trial.
26       5. **Amendment of Pleadings:**  Plaintiffs amended the Complaint to add punitive
27 damages against a now dismissed defendant while the case was still in San Francisco Superior
28 Court.  Parties do not intend to amend any pleading at this time.

6. **Evidence Preservation**: Because this action is in its infancy, it is too early to determine if a document or information that is required for discovery has been destroyed or altered significantly by a party. Parties acknowledge they should preserve all relevant evidence tangible or otherwise necessary to the fair determination of the action or be subject to penalties under appropriate codes.

7. **Disclosures**: Parties have or will timely serve their initial disclosures wherein they set forth information, witnesses and documents that support their claims.

8. **Discovery**: In addition to serving initial disclosures, parties anticipate that discovery is needed on various subjects including, but not limited to decedent's exposure to asbestos, plaintiffs' damages and defendant's affirmative defenses including, but not limited to the government contractor defense, the sophisticated intermediary/user defense and state of the art.

The parties anticipate that plaintiffs, defendant's Person(s) Most Knowledgeable and Custodian(s) of Records, and other witnesses may be deposed and that both sides will propound and respond to written discovery.

9. **Class Actions:** Not applicable.

10. **Related Cases**: Prior to his death, decedent and plaintiff Mary Kuntz filed a personal injury case in the Eastern District of California (Case No. 2:19-CV-00752-JAM-EFB). This case arose from the same or similar operative facts but involved different defendants. This case was dismissed against all the named defendants.

Claims have been filed and are currently pending or have settled with the following Bankruptcy Trusts: AcandS, Inc.; A.P. Green Industries, Inc.; Armstrong World Industries, Inc.; Asarco Incorporated; Babcock & Wilcox Company; Burns & Roe Enterprises, Inc.; Combustion Engineering, Inc.; Celotex; C E Thurston & Sons, Inc.; Eagle-Picher Industries, Inc.; Fibreboard Corporation; The Flintkote Company; Flexitallic, Inc.; G-I Holdings, Inc.; Garlock Sealing Technologies, LLC; General Motors Corporation; Halliburton Energy Services, Inc.; Kaiser Aluminum & Chemical Corporation; Keene Corporation - Keene Creditors Trust; Leslie Controls, Inc.; Manville Trust; North American Refractories Company; Owens Corning Fiberglas; Pittsburgh Corning Corporation; Plant Insulation Company; Porter-Hayden Company;

1  Quigley Company, Inc.; Raymark Industries, Inc.; Shook & Fletcher Insulation; T&N, Ltd.;
2  United States Gypsum Company; Western MacArthur Company; and Yarway Corporation.
3         11. **Relief**:  Plaintiffs will seek relief for all medical and related expenses according to
4  proof.  Plaintiffs will also claim economic damages for plaintiffs' loss of home services and
5  income.  These damages will be based on the calculations of plaintiffs' economic expert.
6  Ultimately, plaintiffs will claim economic damages according to proof at trial.  Plaintiffs claim
7  non-economic damages in the amount of $10,000,000.00.  Plaintiffs further claim all recoverable
8  fees and costs.
9         Defendant maintains that *Howell, supra*, 52 Cal.4th 541, and its progeny cases (e.g.,
10 *Corenbaum, supra,* 215 Cal.App.4th 1308; *Bermudez, supra,* 237 Cal.App.4th 1311) are
11 controlling as to the issue of medical damages calculations.  Again, plaintiffs disagree as to the
12 application of *Howell* and its progeny.
13        12. **Settlement and ADR**:  As this is an asbestos-related case, parties stipulate to and
14 request an early settlement conference with Magistrate Judge Corley.
15        13. **Consent to Magistrate Judge For All Purposes**:  Parties respectfully decline to
16 consent to a magistrate judge for all purposes.
17        14. **Other References**:  This case is not suitable for reference to binding arbitration, a
18 special master, or the Judicial Panel on Multidistrict Litigation.
19        15. **Narrowing of Issues**:  Parties are unable to narrow any issues at this time.
20        16. **Expedited Trial Procedure:**  This is not a case that can be handled under the
21 Expedited Trial Procedure.
22        17. **Scheduling**:  Parties propose and stipulate to the following scheduling order:
23        Deadline for completion of non-expert discovery: July 15, 2022
24        Deadline to file dispositive motions: August 15, 2022
25        Deadline to file responses to dispositive motions: September 6, 2022
26        Deadline to file replies (if any) to dispositive motions: September 20, 2022
27        Last date for hearing dispositive motions: October 14, 2022 at 9:00 am
28        Exchange of initial expert reports: November 18, 2022

BRAYTON♦PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

Exchange of rebuttal expert reports: December 2, 2022

Deadline for completion of expert discovery: January 13, 2023

Pretrial conference: January 30, 2023, at 2:00 pm

Trial: February 27, 2023, at 8:00 am

18. **Trial**:  This case will be tried to a jury.  Plaintiffs anticipate that their case-in-chief will take approximately 15 full court days.  Defendant estimates that its case will take 5 full court days.  Anything less would be a denial of due process.

19. **Disclosure of Non-party Interested Entities or Persons:**  Parties have filed Certification of Interested Entities or Persons with the Court.

20. **Professional Conduct:**  All attorneys of record for the parties have or will have reviewed the Guidelines for Professional Conduct for the Northern District of California by the Case Management Conference.

21. **Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter:**  Not applicable.

Dated:   December 28, 2021            BRAYTON❖PURCELL LLP

By:  */s/ Kimberly J. Chu*
Kimberly J. Chu, Esq., S.B. #206817
Email: kchu@braytonlaw.com
(415) 898-1555
(415) 898-1247 (Facsimile)
Attorneys for Plaintiffs

Dated:   December 28, 2021            FOLEY & MANSFIELD PLLP

By:  */s/ Jocelyn M. Soriano*
Jocelyn M. Soriano
Email: jsoriano@foleymansfield.com
510-590-9500
510-590-9595 (Facsimile)
Attorneys for Defendant The J.R. Clarkson Company LLC

**ATTESTATION OF CONCURRENCE IN FILING**

Pursuant to Local Rule 5-1(i)(3), the undersigned hereby attests that all of the signatories listed on the above document concur in, and have authorized, the filing of this document.

*/s/ Kimberly J. Chu*
Kimberly J. Chu, Esq., S.B. #206817

8

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER, CASE No. 4:21-cv-06935-JSW

## **CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

UNITED STATES DISTRICT/MAGISTRATE JUDGE

BRAYTON♦PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555